UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

Case No. 23-1887

(5:23-cv-00158-JPB)

———————

WEST VIRGINIA PARENTS FOR RELIGIOUS FREEDOM; PASTOR
CHRIS FIGARETTI; JUDD UHL, individually and on behalf of their
minor children, and on behalf of others similar situated,

      Plaintiffs - Appellants

v.

DR. MATTHEW CHRISTIANSEN, in his official capacity as the State
Health Officer; JUSTIN DAVIS, in his official capacity as the Interim
Commissioner for the Bureau of Public Health,

      Defendants - Appellees.

———————

**APPELLEES' RESPONSE IN SUPPORT OF
MOTION TO FILE AMICUS BRIEF**

J. Zak Ritchie
Michael B. Hissam
Maureen Gleason
HISSAM FORMAN DONOVAN RITCHIE PLLC
P.O. Box 3983
Charleston, WV 25339
681-265-3802 *office*
zritchie@hfdrlaw.com
mhissam@hfdrlaw.com
mgleason@hfdrlaw.com
*Counsel for Defendants-Appellees*

Defendants-Appellees respond in support of the motion for leave to file an amicus brief filed by the Center for Rural Health Development, Inc., et al. (the "Public Health Amici"). The Court should grant the motion for at least two reasons.

*First*, the proposed brief of the Public Health Amici is both "desirable" and "relevant to the disposition of the case." Fed. R. App. P. 29(a)(3)(B). As Amici note in Appendix A, they constitute a diverse group of public health and medical organizations that are offering their expertise to the Court in its consideration of the highly relevant issue of the State's decision to require immunization for its public schoolchildren—a decision that Appellants directly challenge as unconstitutional both below and now on appeal. What is more, the brief is timely and does not prejudice Appellants, who (particularly after receiving an extension of time) have ample opportunity to address the amicus brief in their forthcoming reply.

*Second*, Appellants' sole objection to permitting the filing of the brief by the Public Health Amici is that the brief addresses the merits of Appellants' constitutional challenge, which Appellants assert is not at issue in this appeal. But that is simply not true. It was Appellants

themselves who have raised and discussed *at length* the merits of their constitutional challenge *in this appeal*—here, ostensibly as an additional ground for holding that *Pullman* abstention was error. *See* Appellants' opening brief at 37–66 (arguing that abstention was improper because the state's compulsory immunization law is "clearly" unconstitutional and explaining why). Of course, if this Court agrees with Appellants on this score, *see id.*, they have effectively won on the merits. In response to this, the amicus brief aids the Court by making the case that the state law is, in fact, fully justified and constitutional. Appellants cannot have it both ways.

Accordingly, the Court should grant the motion and direct the clerk to file the amicus brief.

Respectfully submitted,

/s/ J. Zak Ritchie
J. Zak Ritchie
Michael B. Hissam
Maureen Gleason
HISSAM FORMAN DONOVAN RITCHIE PLLC
P.O. Box 3983
Charleston, WV 25339
681-265-3802 *office*
zritchie@hfdrlaw.com
mhissam@hfdrlaw.com
mgleason@hfdrlaw.com
*Counsel for Defendants-Appellees*

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the parties in this case.


/s/ J. Zak Ritchie
Counsel for Appellees